IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

## WILLIAM ROLANDUS KEEL v. ROBERT ADAMS, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 25-CR-34    A. Blake Neill, Judge**
——————————————————

### No. W2025-00356-CCA-R3-HC
——————————————————

The Petitioner, William Rolandus Keel, pro se, was convicted of two counts of rape of a child.  In this consolidated appeal, he challenges the orders of the Hardeman County Circuit Court summarily dismissing his petitions seeking habeas corpus relief.  Upon review, we affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

William Rolandus Keel, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Tammy H. Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2013, the Petitioner was indicted on two counts of rape of his minor stepdaughter, V.S. [1], in violation of Tennessee Code Annotated section 39-13-522.  State v. Keel, No. M2016-00354-CCA-R3-CD, 2017 WL 111312, at *1 (Tenn. Crim. App. Jan. 11, 2017), perm. app. denied (Tenn. Apr. 13, 2017); Keel v. Adams, No. 25-5290, 2025 WL 4688022, at *1 (6th Cir. Nov. 13, 2025) (affirming denial of federal habeas corpus relief).  The trial court conducted an initial jury trial in March 2015, which resulted in a hung jury and a mistrial.  Keel, 2017 WL 111312, at *1.  In the second trial, in December 2015, the Petitioner was convicted as charged and received an effective sentence of 60 years imprisonment.  Id. at *2.  The Petitioner filed a motion for new trial which was denied.  Id.

---

[1] It is the policy of this court to refer to the minor victim by initials.

at *2. The Petitioner filed a direct appeal arguing that the trial court erred by denying his motion to compel production of documents, excluding the testimony of his expert witness, and that the sentence imposed was excessive. Id. This court affirmed the trial court's judgments, id. at *7, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal.

Later, the Petitioner timely filed a post-conviction petition asserting that trial counsel rendered ineffective assistance. Keel v. State, No. M2019-00612-CCA-R3-PC, 2020 WL 5407489, at *1 (Tenn. Crim. App. Sept. 9, 2020), no perm. app. filed. After a hearing, the post-conviction court denied relief, finding that the Petitioner had not shown that trial counsel was ineffective. Id. The Petitioner appealed asserting that the post-conviction court "failed to provide him a full and fair post-conviction hearing." Id. As relevant to this appeal, the Petitioner also challenged the post-conviction court's denial of his motion to inspect the grand jury minutes and recording of indictments. Id. at *7. This court remanded the case for a new hearing, concluding that the trial court denied the Petitioner the opportunity to testify. Id. at *7-8. In reviewing the post-conviction court's ruling on the Petitioner's motion to inspect the grand jury minutes, this court also held:

> It is within the court's discretion to determine whether the proffered evidence is relevant. State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995). In this case we conclude that the post-conviction court acted within its discretion in denying each of these motions. The Petitioner sought to inspect the grand jury minutes and recording of the indictments. The record reflects that in denying the Petitioner's motion, the trial court found he was not entitled to grand jury records. With certain exceptions, grand jury proceedings are to remain secret. See Tenn. R. Crim. P. 6(k)(1) (stating that grand jury proceedings should be kept secret). The State is not required to record grand jury proceedings and, as such, did not record the proceedings for which the Petitioner sought a recording. Thus, the State had nothing to provide to the Petitioner.

Id. *at 7. The post-conviction court held another hearing and, again, denied relief. Keel v. State, No. M2022-00089-CCA-R3-PC, 2023 WL 3862777, at *5, 8 (Tenn. Crim. App. June 7, 2023), no perm. app. filed. This court affirmed. Id. at *16.

On February 14, 2025, the Petitioner filed his first pro se petition for writ of habeas corpus. The Petitioner argued that his indictment was "fatally defective" because (1) his accuser, V.S., was not present at the grand jury proceedings to give testimony, and (2) the absence of minutes from the grand jury proceeding violated Tennessee Code Annotated

section 40-13-109. The habeas corpus court summarily dismissed the Petitioner's petition and found the following:

> First, "Tennessee law specifically allows indictment upon hearsay testimony." State v. Grady, 619 S.W.2d 139, 140 (Tenn. Crim. App. 1979). So the fact that [the Petitioner]'s accuser did not appear before the grand jury does not render his indictment "fatally defective." Second, the requirements of Tennessee Code Annotated section 40-13-109 are "mere ministerial acts in nowise affecting the interests of the prisoner or the merits of the case." Glasgow v. State, 68 Tenn. 485, 486 (Tenn. 1876). And because the "omission to have spread the indictment upon the minutes would in no way have enlarged or diminished the rights of the accused," the Petitioner is not entitled to relief on this issue. Furthermore, it is arguable that Petitioner waived this issue by not challenging the alleged defect in the indictment or defect in the institution of the prosecution pre-trial in accordance with Rule 12(b)(2) of the Tennessee Rules of Criminal Procedure, but the Court does not have to decide this issue to deny Petitioner's claim for relief. See Tenn. R. Crim. P. 12(b)(2)(A), (B) ("Motions That Must Be Made Before Trial. The following must be raised before trial: (A) a motion alleging a defect in the institution of the prosecution; (B) a motion alleging a defect in the indictment"); State v. Nixon, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997) (noting that "certain defects in the indictment must be raised prior to trial [including] all objections or defects in the indictment . . . that go to matters of form rather than substance").

The Petitioner filed a timely appeal.

On July 8, 2025, the Petitioner filed a second petition for habeas corpus relief, asserting that his sentence was void because of "clear prosecutorial misconduct" arising from the State's "knowing[] prosecut[ion] [of] the plaintiff over perjured testimony." The habeas corpus court summarily dismissed the Petitioner's petition and found the following:

> Petitioner alleges his sentence is void due to prosecutorial misconduct. But Petitioner's argument fails because to prove this claim he must produce evidence beyond the record. As a result, Petitioner is challenging a voidable, not a void, judgment, and habeas corpus is not the proper procedure to challenge a voidable judgment. Furthermore, "[h]abeas corpus may not be used as a substitute for appeal," so Petitioner's petition fails because he did not raise this issue on appeal or in his petition for post-conviction relief.

Edwards v. State, 269 S.W.3d 915, 924 (Tenn. 2008). As a result, Petitioner's petition must be dismissed.

The Petitioner timely appealed.

On August 18, 2025, the Petitioner moved to consolidate his appeals. The State did not object, and this court granted consolidation. Id. The Petitioner's consolidated appeal is now before this court for review.

## ANALYSIS

The Petitioner contends that the habeas corpus court erred in summarily dismissing his petitions. While the Petitioner raises several individual claims throughout both of his petitions for habeas corpus relief, each claim is a variation of the same theme: irregularities or defects in the grand jury process. Specifically, the Petitioner argues that his indictment is defective because (1) his "real accuser" did not appear or testify before the grand jury; (2) there are no minutes of the grand jury proceeding in violation of Tennessee Code Annotated section 40-13-109, and (3) his sentence is void due to prosecutorial misconduct during the grand jury process. He further contends that the habeas corpus court erred by not conducting a hearing to allow him to "present witnesses, subpoena records, or introduce documentary evidence." In response, the State argues that summary dismissal was appropriate because the Petitioner failed to raise a cognizable claim for relief and failed to follow the mandatory procedural requirement of including the judgment forms on the record. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus

petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)).

"A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

The procedural requirements for habeas corpus relief are mandatory and must be strictly followed. Summers, 212 S.W.3d at 259; Hickman, 153 S.W.3d at 21. Tennessee Code Annotated section 29-21-107(b)(2) requires that the Petitioner include a copy of the "[t]he cause or pretense of such restraint according to the best information of the applicant," which includes the judgment form. See Summers, 212 S.W.3d at 261. "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

As a preliminary matter, the Petitioner is not entitled to relief because he failed to comply with the mandatory procedural requirements of Tennessee Code Annotated section

29-21-107(b)(2). That statute requires a habeas petitioner to attach the judgment or provide a satisfactory explanation for its absence so that the reviewing court may determine—from the face of the judgment alone—whether it is void or whether the sentence has expired. Strict compliance is required even for pro se petitioners, and courts may not take judicial notice of prior appellate records to cure such an omission. See Summers, 212 S.W.3d at 259-61; Hickman, 153 S.W.3d at 21. Because the Petitioner failed to supply the very documents necessary to permit habeas review, the habeas corpus court properly dismissed the petitions on this basis alone. See e.g., Timothy L. Jefferson v. Russell Washburn, Warden, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110, at *3 (Tenn. Crim. App. Oct. 8, 2020) (upholding summary dismissal of a writ for habeas corpus for failure to include the relevant judgment of conviction in the petition); Shawn Christopher Sales v. Shawn Phillips, Warden, No. E2015-01746-CCA-R3-HC, 2016 WL 1366669, at *5 (Tenn. Crim. App. Apr. 4, 2016) (same). Because the Petitioner failed to supply the documents necessary to permit habeas review, dismissal was proper.

Notwithstanding the above procedural deficiency, we conclude that the Petitioner has failed to state a cognizable claim for habeas corpus relief. As we understand his complaint, the Petitioner asserts that the indictment is void because, without the "minutes" of the grand jury, no legitimate grand jury proceeding occurred. He argues that neither the victim nor the lead detective testified before the grand jury and that the lead detective later stated at trial that he did not sign the indictment or issue a warrant in the case. According to the Petitioner, these circumstances demonstrate that the assistant district attorney must have forged the detective's signature, fabricated the indictment, and thereby committed fraud upon the court by presenting an indictment that was never actually returned by a grand jury. The Petitioner further asserts that the assistant district attorney committed prosecutorial misconduct in various ways including relying on alleged perjury of the victim.

We think it significant to point out, once again, that Tennessee law sharply distinguishes between void and voidable judgments. A judgment is void only when the convicting court lacked jurisdiction or authority *on the face of the record*, or when the sentence has expired. Taylor, 995 S.W.2d at 83; Archer, 851 S.W.2d at 161-64 (emphasis added). A voidable judgment, by contrast, is facially valid and can be shown invalid only through proof outside the judgment or record. Summers, 212 S.W.3d at 256. Here, as will be more fully discussed below, all of the Petitioner's allegations—grand jury irregularities, missing minutes, and alleged misconduct—depend on evidence outside the judgment and therefore challenge only voidable errors. Because habeas corpus does not lie to correct voidable defects, none of the claims fall within the narrow scope of habeas review.

**I. Testimony of the Victim.** First, the Petitioner alleges that the indictment is defective because the "real accuser," V.S., did not appear before the grand jury to testify under oath or make a formal accusation. He further contends that, although Tennessee law permits indictments based on hearsay evidence, no hearsay evidence was actually presented to the grand jury because the prosecuting witness, the detective in his case, admitted that he never interviewed or even knew V.S. As the habeas corpus court held, and as the Petitioner acknowledges, Tennessee law expressly permits indictments to be based on hearsay evidence. See State v. Gonzales, 638 S.W.2d 841, 844-45 (Tenn. Crim. App. 1982) (refusing to dismiss an indictment that was based upon unsworn testimony to the grand jury); State v. Grady, 619 S.W.2d 139, 140 (Tenn. Crim. App. 1979) (refusing to dismiss an indictment that was based upon inadmissible hearsay testimony); Parton v. State, 455 S.W.2d 645, 632 (Tenn. Crim. App. 1970) ("an indictment may not be abated because it is founded on hearsay evidence."). Accordingly, the fact that V.S. did not personally testify before the grand jury does not render the indictment defective or present a cognizable claim for habeas corpus relief.

The Petitioner also asserts that the lead detective's testimony before the grand jury was insufficient because he "never questioned the accuser[,] V.S.[,] nor knew her[,]" and that the indictment was "forged" by the State because the prosecuting witness allegedly stated that he "did not go before the grand jury, that was not his signature on the true bill, and he never issued a warrant." The Petitioner's claims require evidence beyond the face of the judgment and are therefore voidable, not void. More importantly, Tennessee law is clear that courts do not review the sufficiency of the evidence presented to the grand jury in determining the validity of an indictment. Parton, 455 S.W.2d at 648; see Gonzales, 638 S.W.2d at 845 ("[I]ndictments are not open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury to support it.") (citations omitted). "An indictment returned by a grand jury, if valid on its face, is enough to call for trial of the charge on the merits." Gonzales, 638 S.W.2d at 845 (citing Burton v. State, 377 S.W.2d 900 (1964); State v. Northcutt, 568 S.W.2d 636 (Tenn. Crim. App. 1978); Parton, 455 S.W.2d at 648). The Petitioner is not entitled to relief on this issue.

**II. Absence of Grand Jury Minutes.** The Petitioner asserts that his indictment is defective because there are "'no minutes' in the record" of the grand jury proceedings. Specifically, he contends that Tennessee Code Annotated section 40-13-109 requires grand jury proceedings to be recorded and the minutes filed with the clerk, and that, absent such documentation, "[o]ne wounders [sic] if the Grand Jury proceeding ever took place at all."

Tennessee Code Annotated section 40-13-109 provides:

All indictments for public offenses of the grade of felony, returned into court by the grand jury with the endorsement a "true bill" shall be entered by the clerk with the return in full on the minutes of the court and the originals compared with the entry by the judge before the judge signs the proceedings of the day.

However, "a failure to spread a felony indictment upon the minutes of the court neither enhances nor diminishes the rights of a defendant." Grooms v. State, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *3 (Tenn. Crim. App. Mar. 25, 2015) (citing Glasgow v. State, 68 Tenn. 485, 486 (Tenn. 1876)). "Instead, the purpose of this procedural requirement is to ameliorate the consequences if the original indictment is lost or destroyed; '[i]t does not invalidate the indictment.'" Id. (citing Davidson v. State, 443 S.W.2d 457, 459 (Tenn. 1969). "A claim that the clerk failed to spread the indictment upon the minutes of the court goes to the form, rather than the substance, of the indictment." Id. (citing Derrick Richardson v. Virginia Lewis, Warden, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *2 (Tenn. Crim. App. Dec. 1, 2006) (concluding that petitioner's claim that the trial court clerk failed to sign the indictment and to spread the indictment upon the minutes of the court was not cognizable claim for habeas corpus relief).

Here, the Petitioner asserts that the indictment is defective because the record contains no minutes of the grand jury proceedings, which he claims violates section 40-13-109. This argument is flawed and conflates the secrecy of grand jury proceedings—which are not recorded—with the clerk's ministerial act of entering the indictment on the minutes of the court. Tenn. R. Crim. P. 6(k)(1). As noted above, Tennessee law has long recognized that failure to spread the indictment upon the minutes does not invalidate the indictment and does not affect jurisdiction. See Grooms, 2015 WL 1396474, at 3; Glasgow, 68 Tenn. at 486. Thus, even if the clerk failed to comply with the statute, such a defect would go only to form, not substance, and would not render the judgment void. Based on this law, the habeas corpus court properly found that the requirements of Tennessee Code Annotated section 40-13-109 are "mere ministerial acts" and that the "omission to have spread the indictment upon the minutes would in no way have enlarged or diminished the rights of the [Petitioner]." Accordingly, the Petitioner is not entitled to relief on this issue.

**III. Alleged Prosecutorial Misconduct.** The Petitioner alleges that his indictment is defective because the State committed prosecutorial misconduct. Specifically, he claims that the State "committ[ed] fraud upon the Court by willfuly [sic], knowingly that [the Petitioner] was lied on, proceeding to prosecute by witholding [sic] evidence and staging indictment dates and due to [the prosecutor's] actions she also committed fraud upon the grand jury." He further asserts that the State relied on the perjured testimony of the victim.

- 8 -

Even assuming these allegations were true, the Petitioner's claims would not entitle him to habeas corpus relief because they would require "proof beyond the face of the record or judgment," resulting in a voidable judgment only. Summers, 212 S.W.3d at 255-56 (the writ of habeas corpus is limited to void judgments); see also Anthony H. Dean v. Cherry Lindamood, Warden, No. M2016-00033-CCA-R3-HC, 2016 WL 4446804, at *3 (Tenn. Crim. App. Aug. 22, 2016) ("Prosecutorial misconduct is not cognizable in a habeas petition as it is not the type of issue that would render a judgment void."). Because the alleged errors do not appear on the face of the judgment, the Petitioner is not entitled to relief.

IV. **Remaining Claims.** The Petitioner contends that the habeas corpus court erred in summarily dismissing his petition without conducting a hearing. This court has held that a habeas court may dismiss a pro se habeas petition, without an evidentiary hearing, where it is clear from the petitioner's filings that no cognizable claim for relief has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261-62; Hickman, 153 S.W.3d at 16. As stated above, none of the Petitioner's claims state a cognizable claim for habeas corpus relief. Accordingly, the habeas corpus court was not required to conduct a hearing before summarily dismissing the petitions.

Lastly, for the first time on appeal, the Petitioner also argues that the indictment violated the Sixth Amendment because it "relie[d] on generic statutory language without factual specificity as to time, place, or conduct." The Petitioner has waived this issue by failing to raise it in his petitions for habeas corpus relief. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); James Leon Parker v. David R. Sexton, Warden, No. E2011-01472-CCA-R3-HC, 2012 WL 32116, at *4 (Tenn. Crim. App. Jan. 6, 2012) (concluding that the petitioner waived an issue on appeal by failing to raise it in his petition for habeas corpus relief); Bobby Lee v. Stephen Dotson, Warden, No. W2007-02584-CCA-R3-HC, 2009 WL 482532, at *2 (Tenn. Crim. App. Feb. 24, 2009) (holding that "issues that were not presented to the habeas court will not be considered for the first time on appeal."). Waiver aside, neither petition included a copy of the Petitioner's full indictment.[2] See Tenn. Code Ann. § 29-21-107(b)(2). The omission of the indictment from the record is fatal because the grounds upon which the Petitioner seeks relief challenge the language of the indictment under which he was convicted. Accordingly, the Petitioner's failure to include a copy of his indictment in the record on appeal or provide a reason for its absence precludes our review of this issue. See State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964);

---

[2] Although the Petitioner attached the indictment's cover page, he does not appear to have included the actual indictment itself. As a result, we are unable to review the substance of the charges contained in the indictment.

- 9 -

Summers, 212 S.W.3d at 261 (declining to "incorporate the liberal procedural safeguards of the Post-Conviction Procedure Act into the provisions governing habeas corpus" and reiterating that habeas corpus procedures are "mandatory and strictly applied" even against pro se petitioners).

Because the Petitioner has failed to establish that the convicting court lacked jurisdiction or authority on the face of the record, or that his sentence has expired, he is not entitled to habeas corpus relief.

## CONCLUSION

Upon our review, we conclude that the Petitioner failed to comply with statutorily mandated procedural requirements for habeas corpus relief and that each of his petitions failed to state a cognizable claim upon which habeas corpus relief may be granted. Accordingly, we affirm the orders of the trial court summarily dismissing his petitions for writ of habeas corpus.

s/ *Camille R. McMullen*
CAMILLE R. MCMULLEN, JUDGE

- 10 -